# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2037
Lower Tribunal No. 21-384
_____

**Bernard Jones, etc.,**
Appellant,

vs.

**Kathryn Ervolino, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Weinbaum P.A., and Lane Weinbaum (Coral Springs), for appellant.

Law Offices of Stuart E. Goldberg, P.L., and Stuart E. Goldberg (Tallahassee); Robert M. Ervin Jr., Attorney at Law, P.L., and Robert M. Ervin Jr. (Tallahassee), for appellee.

Before EMAS, SCALES and GORDO, JJ.

GORDO, J.

Bernard Jones appeals a trial court order granting summary judgment in favor of Kathryn Ervolino and denying his petition for administration and imposition of a constructive trust.[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse the order because the trial court failed to comply with the newly amended summary judgment standard under Florida Rule of Civil Procedure 1.510(a).

Jones filed a petition for administration in probate after the death of Ronald David Scheffler, claiming he was the sole beneficiary under the decedent's will and sought to be appointed as the personal representative of the estate. Ervolino, the decedent's niece, filed a separate petition for administration and sought to be appointed as the personal representative of the estate, claiming the decedent died with no valid will. Thereafter, the parties conducted discovery. Jones filed an amended petition for administration seeking to impose a constructive trust. Ervolino subsequently filed a motion for summary judgment arguing the will was invalid as a matter of law pursuant to section 732.502(1)(c), Florida Statutes, thus the estate should proceed by intestate administration.

On September 2, 2021, the trial court granted summary judgment and stated: "The Court having heard from all the parties, the Court grants the

---

[1] We express no opinion as to the trial court's ruling on the merits.

motion for summary judgment. The Court enters a final judgment denying the amended petition to probate will. The Court grants the petition for intestate administration. The Court appoints Kathryn Ervolino as personal representative of the estate." It subsequently entered a written order providing: "Kathryn Ervolino's petition for intestate administration is granted. Kathryn Ervolino's Motion for Summary Judgment is granted. Bernard Jones's amended petition for testate administration and imposition of a constructive trust is respectfully denied." This appeal followed.

## LEGAL ANALYSIS

Our standard of review of a final summary judgment order is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

The Florida Supreme Court has substantially revised the substantive and procedural provisions of the summary judgment rule. See In re Amends. to Fla. R. of Civ. P. 1.510, 317 So. 3d 72, 74 (Fla. 2021). The effective date of the new rule is May 1, 2021, and the amendments shall "govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases." Id. at 77.

Florida Rule of Civil Procedure 1.510(a) provides:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for

3

summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **The court shall state on the record the reasons for granting or denying the motion.** The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard.

(emphasis added).

"Where federal rule 56(a) says that the court *should* state on the record its reasons for granting or denying a summary judgment motion, new rule 1.510(a) says that the court *shall* do so. The wording of the new rule makes clear that the court's obligation in this regard is mandatory." In re Amends. to Fla. R. of Civ. P. 1.510, 317 So. 3d at 77 (emphasis added).

The newly amended language of the rule also makes clear the court shall state on the record the reasons for *granting or denying* the motion. (emphasis added). "To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a genuine dispute as to a material fact. The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review." In re Amends. to Fla. R. of Civ. P. 1.510, 317 So. 3d at 77. A mere pronouncement the court has granted or

4

denied such a motion fails to comply with the rule as it does not contain reasons for granting or denying the motion.  Here, neither the trial court's oral pronouncement nor its written order offer the necessary specificity to provide useful guidance or allow for appellate review.  "On a systemic level . . . this requirement is critical to ensuring that Florida courts embrace the federal summary judgment standard in practice and not just on paper."  In re Amends. to Fla. R. of Civ. P. 1.510, 317 So. 3d at 77.

We are well aware and sympathetic of the daily burdens a trial court endures in carrying out the administration of justice.  Busy trial judges need not write lengthy opinions, but must take reasonable steps to ensure the parties and appellate courts are informed as to the reasons for granting or denying the motion on which their rulings rest under our new standard.

We therefore reverse and remand for entry of an order that complies with the newly amended rule.

Reversed and remanded.